UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:10-CR-00097-BR
NO. 7:12-CV-089-BR

| | | |
|---|---|---|
| ANDREW MALCOLM TURAY,<br>    Petitioner, | )<br>)<br>) | |
| v. | )<br>) | ORDER |
| | )<br>) | |
| UNITED STATES OF AMERICA,<br>    Respondent. | )<br>) | |

This matter is before the court for initial review of a 28 U.S.C. § 2255 petition pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Under this Rule, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Gov. § 2255 Pro. 4(b).

On 6 December 2010, pursuant to a plea agreement, petitioner pled guilty to one count of conspiracy to possess with the intent to distribute and distribute more than 100 kilograms of marijuana. As part of the plea agreement, petitioner agreed "[t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed . . . and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." (Pl. Ag. ¶ 2(c).) By judgment entered 5 May 2011, petitioner was sentenced to 62 months imprisonment. Petitioner filed his initial § 2255 motion

on 12 April 2012. Because that motion was not on the correct form, the court directed petitioner to return the correct, completed form, which he did on 24 April 2012.

Because petitioner's plea agreement contains a post-conviction rights waiver, the court first examines whether that waiver is valid. "[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Petitioner suggests nothing irregular about his plea. At petitioner's plea hearing, the court found that petitioner had entered into the plea agreement freely and voluntarily. There is no ground for altering that determination, and the court will enforce petitioner's waiver of post-conviction rights contained within the plea agreement.

Having so found, the court must determine whether petitioner's claims are within the scope of the waiver. See Henderson v. United States, Nos. 5:05-CR-163-FL, 5:08-CV-319-FL, 2009 WL 1578578, at *2 (E.D.N.C. June 4, 2009). Petitioner asserts two separate claims, which essentially constitute one claim, that is, the court lacked jurisdiction to enhance his sentence based on the possession of a firearm.[1] (See Pet., DE # 32, at 4, 5 & Attach., DE # 32-1, at 3-5.) This claim, not being one based on ineffective assistance of counsel nor prosecutorial misconduct not known to petitioner at the time of his plea, falls within the scope of the post-conviction challenges waiver.[2] Petitioner is not entitled to relief.

---

[1] Pursuant to U.S.S.G. § 2D1.1(b)(1), petitioner's offense level under the sentencing guidelines was increased two levels for his possession of a firearm in connection with the instant offense.

[2] The court recognizes that subject matter jurisdiction cannot be waived. United States v. Griffin, 303 U.S. 226, 229 (1938). However, the claim petitioner asserts does not truly concern the court's subject matter jurisdiction. Cf. United States v. Cassell, 38 F. App'x 156, 157 (4th Cir. 2002) (unpublished) (finding that the defendant's appeal waiver barred his right to challenge the issue of the district court's subject matter jurisdiction to enhance his sentence to account for the number of firearms involved under U.S.S.G. § 2K2.1(b)(1)(E)).

The § 2255 petition is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 27 April 2012.

                                                             _____
                                                             W. Earl Britt
                                                             Senior U.S. District Judge